JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| LENA WHITE | OPEX CORPORATION |

| (b)  County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant   BURLINGTON |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esq., Console Mattiacci Law,
110 Marter Avenue, Suite 502, Moorestown, NJ 08057
215-545-7676

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [X] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- [X] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation - Transfer
- [ ] 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq.; 42 U.S.C. §1981, et seq.; N.J.S.A. § 10:5-1, et seq.
Brief description of cause:
Plaintiff was discriminated and retaliated against based on her race and/or sex in violation of state and federal law.

## VII.  REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
In excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
01/25/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LENA WHITE<br>Feasterville-Trevose, PA 19053 | CIVIL ACTION NO.: |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY TRIAL DEMAND** |
| OPEX Corporation<br>305 Commerce Drive<br>Moorestown, NJ 08057 | |
| Defendant. | |

I.      **INTRODUCTION**

Plaintiff, Lena White ("Plaintiff"), brings claims against her former employer, OPEX Corporation ("Defendant"). Defendant subjected Plaintiff to a hostile work environment because of her race and/or sex and failed to investigate Plaintiff's complaints or remedy or prevent the discriminatory hostile work environment to which she was being subjected. Ultimately, Defendant terminated Plaintiff's employment as a System Test Engineer because of her race and/or sex, and/or in retaliation for her having engaged in protected activity. Plaintiff brings her claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"); the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"); and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"), and seeks all appropriate relief, including back-pay, front-pay, compensatory damages, punitive damages, attorneys' fees and costs, and any other available statutory relief that this Court deems appropriate.

## II.    <u>PARTIES</u>

1.    Plaintiff, Lena White, is an individual and a citizen of the State of Pennsylvania. She resides in Feasterville-Trevose, PA 19053.

2.    Plaintiff is Black.

3.    Plaintiff is female.

4.    Defendant OPEX Corporation is organized under the laws of the state of New Jersey with a principal place of business located at 305 Commerce Drive, Moorestown, New Jersey 08057.

5.    Defendant is engaged in an industry affecting interstate commerce and regularly does business in the state of New Jersey.

6.    At all times material hereto, Plaintiff worked out of Defendant's facilities in New Jersey.

7.    At all times material hereto, Defendant employed fifteen (15) or more employees.

8.    At all times material hereto, Defendant acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of its business.

9.    At all times material hereto, Defendant was an employer within the meaning of the statutes which forms the basis of this matter.

10.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which forms the basis of this matter.

## III.    <u>JURISDICTION AND VENUE</u>

11.    The causes of action which form the basis of this matter arise under Title VII, Section 1981, and the NJLAD.

12.     The District Court has jurisdiction over Counts I (Title VII) and II (Section 1981) pursuant to 28 U.S.C. §1331.

13.     The District Court has supplemental jurisdiction over Count III (NJLAD) pursuant to 28 U.S.C. § 1367.

14.     The District Court has jurisdiction over all Counts pursuant to 28 U.S.C. §1332 since the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interests and costs, and there is complete diversity of citizenship as Plaintiff is a citizen of Pennsylvania and Defendant is a citizen of New Jersey.

15.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

16.     On or about August 2, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein.  Attached hereto and incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

17.     On or about October 31, 2022, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for Plaintiff's EEOC Charge.  Attached hereto and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

18.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

**IV.     <u>FACTUAL ALLEGATIONS</u>**

19.     Plaintiff was hired by Defendant on May 18, 2020 and remained employed until she was notified of her termination two (2) years later, on May 18, 2022.

20.    Plaintiff's last day worked was May 18, 2022 but she was paid through May 20, 2022.

21.    At the time of her termination, Plaintiff held the position of System Test Engineer.

22.    Plaintiff performed her duties in a highly competent manner and consistently demonstrated positive performance and dedication to Defendant.

23.    Throughout the two (2) year period that Plaintiff was employed by Defendant, she was the only female employee in the System Test Department.

24.    Throughout the two (2) year period that Plaintiff was employed by Defendant, she was the only Black employee in the System Test Department.

25.    Plaintiff last reported to Rick Stoneking (male, non-Black), Team Lead.

26.    Stoneking reported to Thomas Coceano (male, non-Black), Manager of Robotic Autonomy.

27.    Coceano reported to Rodney Clemmer (male, non-Black), Director of Warehouse Automation.

28.    Defendant has an underrepresentation of female employees, especially in high level positions.

29.    Defendant has an underrepresentation of Black employees, especially in high level positions.

30.    Plaintiff was treated differently and worse, and in a more hostile and dismissive manner, than non-Black and/or male employees were treated.

31.    Plaintiff's performance was unjustly criticized.

32.     Work that was originally assigned to Plaintiff was re-assigned to others under the false pretense that Plaintiff could not perform well enough to complete the tasks at hand.

33.     Plaintiff was spoken to in a demeaning and condescending manner.

34.     Plaintiff was excluded from meetings and communications related to her job duties and responsibilities.

35.     Plaintiff was not given credit for work she completed.

36.     Plaintiff was blamed for issues out of her control.

37.     Plaintiff's accomplishments were not recognized and/or were downplayed.

38.     Plaintiff's knowledge and skillset were not recognized and/or were downplayed.

39.     Plaintiff was not provided the opportunity to grow and develop her skills.

40.     Plaintiff was held to a stricter, more stringent standard than male and/or non-Black employees were held.

41.     Plaintiff was set up to fail.

42.     On or about June 4, 2021, in a meeting with Jeffrey Stoner (male, non-Black), Director of Human Resources, Plaintiff complained of race and sex discrimination in connection with how she was being treated.

43.     Plaintiff told Stoner that Giorgi Kalandadze (male, non-Black), Team Lead, who was her supervisor at the time, was treating her differently and worse because of her race and her sex.

44.     Kalandadze was not involved in hiring Plaintiff.

45.     Plaintiff also complained to Stoner about a comment that Clemmer made to her around the time of her hiring regarding "why it pays to do a video conference call," which Plaintiff understood to be a reference to Clemmer being able to see the color of her skin.

46.     By the time Clemmer interviewed Plaintiff (when he made the race-based comment), upon information and belief, Defendant had already decided to hire her following three (3) previous interviews.

47.     Upon information and belief, Clemmer's interview with Plaintiff was nothing more than him following protocol.

48.     Stoner did not deny Plaintiff's accusations and, instead, stated that Kalandadze needed to be groomed.

49.     On or about June 9, 2021, in a meeting with Stoner and Clemmer, Plaintiff complained of race discrimination in connection with how she was being treated.

50.     Clemmer denied being a racist but neither he nor Stoner denied that Plaintiff was being treated differently because of her race.

51.     Clemmer only stated that, if he had made any comments that Plaintiff understood to be racist, he apologized, during which time Plaintiff observed Stoner shaking his head as if to instruct Plaintiff not to say that she believed Clemmer was racist.

52.     Stoner also told Plaintiff that she should have raised her concerns about Clemmer's racial bias at the time of her hiring, which Plaintiff understood to be an attempt to shift the blame to the victim (Plaintiff) and an excuse to not have to investigate or remedy Plaintiff's complaints of discrimination.

53.     Defendant failed to investigate Plaintiff's race discrimination complaints.

54.     Defendant failed to remedy or prevent the race discrimination to which Plaintiff was being subjected.

55.     On June 15, 2021, in a meeting with Stoner, Clemmer, and Kalandadze, Defendant claimed that Plaintiff's performance was deficient.

56.     At the meeting, Plaintiff was not provided with documentation outlining the alleged performance deficiencies.

57.     At some point following the meeting, Plaintiff was provided with a document that contained alleged performance deficiencies.

58.     Defendant vaguely claimed that Plaintiff's performance suffered from a "technical gap," which is false.

59.     Defendant's criticism of Plaintiff's performance, both during the June 15, 2021 meeting and in the subsequent documentation, is false and pretextual.

60.     Prior to complaining of discrimination, Plaintiff was not made aware of any alleged "technical gap."

61.     Prior to complaining of discrimination, Plaintiff was given more technical responsibilities than others on her team.

62.     Defendant falsely criticized Plaintiff's performance because of her race and/or sex and/or her engaging in protected activity.

63.     As Plaintiff was leaving the meeting on June 15, 2021, she overheard Stoner state to Clemmer and Kalandadze that there was a chance Plaintiff might bring a lawsuit against Defendant.

64.     Plaintiff did not say anything to indicate that she was planning on bringing any type of lawsuit against Defendant.

65.     Defendant made no efforts to help Plaintiff improve upon the alleged "technical gap" following the June 15th meeting.

66.     Defendant failed to provide Plaintiff with updates regarding her progress.

67. Defendant embarked on a campaign of discrimination and retaliation, including, without limitation, creating a bogus paper trail accusing Plaintiff of poor performance, which was designed to force Plaintiff to quit, or alternatively, to justify terminating her employment.

68. Plaintiff discussed with other employees her belief that she was being discriminated against because of her race and sex.

69. In October 2021, Plaintiff began reporting to Stoneking.

70. Stoneking had no role in Plaintiff being hired.

71. Plaintiff was the only female employee reporting to Stoneking.

72. Plaintiff was the only Black employee reporting to Stoneking.

73. Plaintiff was the only employee reporting to Stoneking that had, to her knowledge, engaged in protected activity.

74. At the time of Plaintiff's termination, the following positions reported to Stoneking:

      a.    Plaintiff, Lena White (female, Black), System Test Engineer;

      b.    Orion Cabrita (male, non-Black), System Test Engineer;

      c.    Omar Faruque (male, non-Black), System Test Engineer; and

      d.    Caleb Longshaw (male, non-Black), System Test Technician.

75. Stoneking commented that, working with Plaintiff, he felt like he was working with his mother.

76. Plaintiff understood Stoneking's comment to be evidence of sex bias.

77. In or about January 2022, Defendant hired Cabrita.

78. In or about March 2022, Defendant hired Faruque.

79.     On March 16, 2022, during one of their periodic one-on-one meetings, Stoneking told Plaintiff that she was performing well and had completed all of the assigned tasks from her mid-year review.

80.     On May 18, 2022, in a meeting with Stoneking and Coceano, Defendant terminated Plaintiff's employment, effective May 20, 2022.

81.     Defendant's stated reason for Plaintiff's termination was her lack of technical knowledge.

82.     Defendant's stated reason is false and pretextual.

83.     Defendant did not work with Plaintiff to remedy any alleged performance issues.

84.     Plaintiff was given no opportunity to remain employed with Defendant.

85.     Plaintiff was the only employee reporting to Stoneking who was terminated on May 18, 2022.

86.     Defendant failed to provide Plaintiff with any explanation or provide any examples of ways in which she allegedly lacked technical knowledge.

87.     Out of the employees reporting to Stoneking at the time of Plaintiff's termination, she had the most seniority and also the longest service time in the Systems Test Engineering department.

88.     As of Plaintiff's termination, to Plaintiff's knowledge, she was the only employee in her department who had engaged in protected activity. Plaintiff was the only one terminated from her department at the time.

89.     Upon information and belief, Plaintiff was more qualified for the System Test Engineer position as compared to the non-complaining, non-Black and/or male employees Defendant retained.

90.     Defendant subjected Plaintiff to a hostile work environment because of her race and/or sex and/or engaging in protected activity.

91.     Defendant terminated Plaintiff's employment because of her race and/or sex and/or engaging in protected activity.

92.     Defendant assigned Plaintiff's job duties and responsibilities to non-Black and/or male and/or non-complaining employees.

93.     Plaintiff was more qualified to perform her job duties and responsibilities than the non-complaining, non-Black, and/or male employees to whom they were assigned.

94.     Before engaging in protected activity, Plaintiff was not issued any write ups, discipline, or corrective action during her employment.

95.     Defendant's race and sex discriminatory and retaliatory conduct and comments have caused Plaintiff emotional distress.

96.     Defendant did not target or treat in the same way similarly-situated non-Black and/or male and/or non-complaining employees.

97.     Plaintiff's race and/or sex was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including without limitation, in the creation of the hostile work environment to which Plaintiff was subjected, and in connection with Plaintiff's termination.

98.     Plaintiff's complaining of discrimination and a hostile work environment was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including without limitation, in the creation of the retaliatory hostile work environment to which Plaintiff was subjected, and in connection with Plaintiff's termination.

99.     Defendant failed to prevent or address the harassing, discriminatory, and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of harassing, discriminatory, and retaliatory conduct.

100.    The conduct of Defendant, as set forth above, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment were altered and the working environment was hostile or abusive.

101.    The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

102.    As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

103.    The conduct of Defendant, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management, and warrants the imposition of punitive damages against Defendant.

104.    The conduct of Defendant, as set forth above, was willful and intentional.

## COUNT I – TITLE VII

105.    Plaintiff incorporates by reference the foregoing paragraphs as set forth herein in their entirety.

106.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

107.    Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

108.    As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

109.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory, and unlawful acts unless and until this Court grants the relief requested herein.

110.    No previous application has been made for the relief requested herein.

## COUNT II – SECTION 1981

111.    Plaintiff incorporates by reference the foregoing paragraphs as set forth herein in their entirety.

112.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Section 1981.

113.    Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

114.    As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

115.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory, and unlawful acts unless and until this Court grants the relief requested herein.

116.    No previous application has been made for the relief requested herein.

## COUNT III – NJLAD

117.    Plaintiff incorporates by reference the foregoing paragraphs as set forth herein in their entirety.

118.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the NJLAD.

119.    Members of Defendant's upper management had actual participation in, or willful indifference to, Defendant's wrongful, willful, reckless, malicious and/or especially egregious conduct described herein, and their conduct warrants the imposition of punitive damages against Defendant.

120.    As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorney's fees and costs.

121.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory, and unlawful acts unless and until this Court grants the relief requested herein.

122.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) declaring the acts and practices complained of herein to be a violation of Title VII;

(b) declaring the acts and practices complained of herein to be a violation of Section 1981;

(b) declaring the acts and practices complained of herein to be in violation of the NJLAD;

(c) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(d)    enjoining and restraining permanently the violations alleged herein;

(e)    awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory, retaliatory, and unlawful misconduct;

(f)    awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(g)    awarding Plaintiff costs of this action, together with reasonable attorney's fees;

(h)    awarding punitive damages to Plaintiff;

(i)    awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, and the NJLAD; and

(j)    granting such other and further relief as this Court deems appropriate.


**CONSOLE MATTIACCI LAW, LLC**

Dated: January 25, 2023              BY:    _/s/ Kevin Console_____
                                            Kevin Console, Esquire
                                            Lauren C. Bateman, Esquire
                                            **CONSOLE MATTIACCI LAW LLC**
                                            110 Marter Avenue, Suite 502
                                            Moorestown, NJ 08057
                                            Telephone: (856) 854-4000
                                            Facsimile: (215) 565-2852

                                            *Attorneys for Plaintiff, Lena White*

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | | AGENCY<br>○ FEPA<br>X EEOC | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | | |

| STATE OR LOCAL AGENCY: | |
|---|---|

| NAME (Indicate Mr., Ms., **Mrs.**)<br>**Lena V. White** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>(215) 313-0004 |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Feasterville-Trevose, PA 19053 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**OPEX Corporation** | NUMBER OF EMPLOYEES, MEMBERS<br>> 15 | TELEPHONE (Include Area Code)<br>(856) 727-1100 |
|---|---|---|

| STREET ADDRESS<br>305 Commerce Drive | CITY, STATE AND ZIP<br>Moorestown, NJ 08057 | COUNTY<br>Burlington |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>**X** Race ○ Color **X** Sex ○ Religion ○ National Origin<br>○ Retaliation ○ Age ○ Disability ○ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | *Earliest* | *Latest* 05/20/2022 |

**The Particulars Are:**

A.   1.   Relevant Work History

I was hired by Respondent on May 18, 2020. I last held the position of System Test Engineer. I last reported to Rick Stoneking (male, white), Team Lead. Stoneking reported to Thomas Coceano (male, white), Manager of Robotic Autonomy. Coceano reported to Rodney Clemmer (male, white), Director of Warehouse Automation.

Respondent subjected me to a hostile work environment because of my race and/or sex. Despite my engaging in protected activity, Respondent failed to investigate my complaints or remedy or prevent the discriminatory hostile work environment to which I was being subjected. Respondents terminated my employment because of my race and/or sex and/or my engaging in protected activity. When I was terminated, Respondent retained male and/or white and/or noncomplaining employees in positions for which I was qualified.

I consistently demonstrated positive performance and dedication to Respondent. I performed my duties in a highly-competent manner.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
| | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date:   Charging Party *(Signature)*:<br><br>8/1/2022   *Lena V White* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**EEOC Charge of Discrimination**
**Initials of Charging Party –** *JVW*

2.    Harm Summary

I have been discriminated against because of my sex (female) and my race (black) and retaliated against because of my engaging in protected activity. Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)  Respondent has an underrepresentation of female employees, especially in high level positions.

(b)  Respondent has an underrepresentation of black employees, especially in high level positions.

(c)  I was treated differently and worse, an in a more hostile and dismissive manner, than white and/or male employees were treated.

(d)  My performance was unjustly criticized.

(e)  I was spoken to in a demeaning and condescending manner.

(f)  I was circumvented.

(g)  I was excluded from meetings and communications related to my job duties and responsibilities.

(h)  I was not given credit for work I completed.

(i)  I was blamed for issues out of my control.

(j)  My accomplishments were not recognized and/or were downplayed.

(k)  My knowledge and skillset were not recognized and/or were downplayed.

(l)  I was not provided the opportunity to grow and develop my skills.

(m) I was held to a stricter, more stringent standard than male and/or white employees were held.

(n)  I was set up to fail.

(o)  On or about June 4, 2021, in a meeting with Jeffrey Stoner (male, white), Director of Human Resources, I complained of race discrimination in connection with how I was being treated. I stated that I believed that Giorgi Kalandadze (male, white), Team Lead, who was my supervisor at the time and had no role in my being hired at Respondent, had a problem with me because I am a black woman, and that Clemmer was racist. Stoner did not deny the same. Stoner stated that Kalandadze needed to be groomed, and that I had a lot to say about Clemmer.

(p)  On or about June 9, 2021, in a meeting with Stoner and Clemmer, I complained of race discrimination in connection with how I was being treated. Clemmer stated that, if he had made any comments that I understood to be racist, he apologized.

(q)  Respondent failed to investigate my race discrimination complaints.

(r)  Respondent failed to remedy or prevent the race discrimination to which I was being subjected.

EEOC Charge of Discrimination
Initials of Charging Party – *JVa*

(s) On June 15, 2021, in a meeting with Stoner, Clemmer, and Kalandadze, I was placed on a six (6) month probation. Kalandadze stated that, accomplishing the outlined goals would help with my "technical gap." I had not been previously informed that I had a "technical gap."

(t) I was placed on a six (6) month probation within approximately eleven (11) days of my complaining of race discrimination.

(u) I was placed on a six (6) month probation because of my race and/or sex and/or my engaging in protected activity.

(v) I discussed with other employees my belief that I was being discriminated against because of my race and sex.

(w) In October 2021, I began reporting to Stoneking.

(x) Stoneking had no role in my being hired.

(y) I was the only female employee reporting to Stoneking.

(z) I was the only black employee reporting to Stoneking.

(aa) I was the only employee reporting to Stoneking that had, to my knowledge, engaged in protected activity,

(bb) At the time of my termination, the following positions reported to Stoneking.

    i)   Lena White (female, black), System Test Engineer;
    ii)  Orion Cabrita (male, Portuguese), System Test Engineer;
    iii) Omar Faruque (male, Indian), System Test Engineer;
    iv) Caleb Longshaw (male, white), System Test Technician.

(cc) Stoneking commented that, working with me, he felt like he was working with his mother. I understood this comment to evidence of sex bias.

(dd) In or about January 2022, Respondent hired Cabrita.

(ee) In or about March 2022, Respondent hired Faruque.

(ff) On May 18, 2022, in a meeting with Stoneking and Coceano, Respondent terminated my employment, effective May 20, 2022. The stated reason was my lack of technical knowledge. This was false.

(gg) I had no opportunity to remedy any alleged issues.

(hh) I had no opportunity to remain employment with Respondent.

(ii) I received no explanation, including the selection criteria, as to why I was terminated and the white and/or male and/or noncomplaining employees were retained.

(jj) I was the only employee reporting to Stoneking who was terminated on May 18, 2022.

(kk) Out of the employees reporting to Stoneking at the time of my termination, I had the most seniority and longest service time in the Systems Test Engineering department.

3

**EEOC Charge of Discrimination**
**Initials of Charging Party –** *JVW*

(ll)  I was as qualified, if not more qualified, for the System Test Engineer position as/than the noncomplaining, white, male employees Respondent retained.

(mm)   Respondent subjected me to a hostile work environment because of my race and/or my sex and/or my engaging in protected activity.

(nn) Respondent terminated my employment because of my race and/or sex and/or my engaging in protected activity.

(oo) Respondent assigned my job duties and responsibilities to white and/or male and/or noncomplaining employees.  I was more qualified to perform my job duties and responsibilities than the noncomplaining, white, and/or male employees to whom they were assigned.

(pp) Before engaging in protected activity, I had no performance or disciplinary issues throughout my employment.

(qq) Respondent's race and sex discriminatory and retaliatory conduct and comments have caused me emotional distress.

(rr)  Respondent did not target or treat in the same way similarly-situated white and/or male and/or noncomplaining employees.

B.    1.    Respondent's Stated Reasons

(a)    Respondent has provided no explanation for subjecting me to a hostile work environment because of my race and/or my sex and/or my engaging in protected activity.

(b)    Respondent's stated reason for terminating my employment—my lack of technical knowledge—is pretext for race and/or sex discrimination and/or retaliation for my engaging in protected activity.

(c)    Respondent has provided no explanation for failing to investigate, remedy, or prevent the race and sex discrimination and retaliation to which I was subjected.

C.    1.    Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my race (black) and my sex (female), and retaliated against me based on my engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"); the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"); and 42 US Code § 1981 ("1981"), as set forth herein.

# EXHIBIT 2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/31/2022

**To:** Lena White

Feasterville Trevose, PA 19053
Charge No: 530-2022-06160

EEOC Representative and Legal Unit & Telephone Number 267-589-9707

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2022-06160.

On Behalf of the Commission:

Karen McDonough, Deputy District Director